Filed 1/29/26  P. v. Taylor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ADREIONA TAYLOR,<br><br>Defendant and Appellant. | C102704<br><br>(Super. Ct. No. 16FE014627) |

A jury found defendant Adreiona Taylor guilty of two counts of attempted murder and one count of discharging a firearm at an occupied vehicle.  She was 21 when she committed these crimes.  After we remanded the case for resentencing, the trial court sentenced defendant to state prison for 25 years to life, plus seven years four months, including a 25 years to life enhancement for intentionally discharging a firearm, causing great bodily injury.

1

Defendant appeals, claiming the trial court abused its discretion in declining to strike the firearm enhancement, because the court improperly found that dismissing the enhancement would endanger public safety. We disagree and affirm.

BACKGROUND

A. *Jury Trial and Sentencing*

We summarize the pertinent facts from our prior opinion in *People v. Charles et al.* (Dec. 29, 2022, C092841 & C093057 [nonpub. opn.]) (*Charles*)

In 2016, defendant was in a car driven by her brother Dion Patrick Charles when she fired a gun six times into a car driven by Angelina P. As a result, Angelina's 6-year-old daughter I.P. suffered gunshot wounds to both arms and a bullet lodged itself in her left arm. One of the bones in I.P.'s right arm was shattered, and I.P. underwent three surgeries to address her injuries. Angelina later stated that her assailants must have been aware that I.P. was in the car because I.P. had been looking out the car window just prior to the shooting. (*Charles*, *supra*, C092841 & C093057.)

Defendant and Charles were each charged with the attempted murder of Angelina P. (count two) and discharging a firearm at an occupied vehicle (count three). In count two, the prosecution alleged defendant personally and intentionally discharged a firearm within the meaning of Penal Code section 12022.53, subdivisions (b) and (c).[1] In count three, the prosecution alleged defendant personally and intentionally discharged a firearm causing great bodily injury to I.P., within the meaning of section 12022.53, subdivision (d). The prosecution also charged defendant with the attempted murder of I.P. (count one) and further alleged that defendant personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivisions (b), (c), and (d). (*Charles*, *supra*, C092841 & C093057.)

---

[1] Undesignated statutory references are to the Penal Code.

The jury found defendant guilty of all counts and found true all the firearm allegations. The trial court sentenced defendant to a total indeterminate term of 25 years to life and a consecutive term of 11 years four months, including 25 years to life for the firearm enhancement associated with count one (§ 12022.53 subd. (d)). (*Charles*, *supra*, C092841 & C093057.) Defendant appealed.

In April 2024, we remanded the matter for resentencing to apply the then newly-amended section 1170, subdivision (b) and to determine whether defendant was entitled to the lower term under that subsection based on her youthfulness. (*Charles*, *supra*, C092841 & C093057.) We otherwise affirmed the conviction. (*Ibid*.)

*B. Resentencing on Remand*

Defendant appeared for resentencing in December 2024. The probation department's original report was submitted to the trial court along with a supplemental report.

In the original report, the probation department found multiple aggravating circumstances under California Rules of Court, rule 4.421: (1) the crime involved great violence, great bodily harm, and other acts disclosing a high degree of cruelty, viciousness, or callousness; (2) the manner in which the crime was carried out indicated planning; and (3) the defendant engaged in violent conduct which indicated a serious danger to society. The probation department also found two mitigating circumstances under California Rules of Court, rules 4.423 and 4.408: defendant had no prior record of criminal conduct and was only 21 when the crime was committed. The probation department noted that while in confinement, defendant received 82 days of restriction for rules violations, including vandalism, theft, making third party phone calls, insubordination, entering unauthorized cells, threats to jail staff, unauthorized commissary use, destruction of property, sexual misconduct, and failure to comply with lockdown.

On remand, the probation department recommended an aggregate sentence of 25 years to life plus seven years four months, including the 12022.53, subdivision (d) enhancement on count one.

Defendant moved to strike the 12022.53, subdivision (d) enhancement, either in its entirety or instead impose judgment and sentence for a related enhancement under 12022.53, subdivision (b). In support, defendant noted her rehabilitative efforts in prison, which she argued would reduce her future risk to society. These efforts included participation in self-help and educational programs including (1) an anger management course in March 2022, (2) a criminal and gang anonymous support group in June 2022, (3) verbally abusive relationship course in June 2022, (4) a health and fitness program in September 2022, and (5) various educational and vocational courses.

Defendant also argued that her rules violations in prison did not show she would be a danger to the public and her youthfulness at the time of the offense warranted a low term sentence and dismissal of the firearms enhancement. Defendant requested a sentence of five years on count one and ten years consecutive under section 12022.53, subdivision (b); two years four months on count two; and five years on count three stayed, for an aggregate sentence of 17 years, four months.

The People requested the maximum term allowed and opposed dismissal of the firearms enhancement, noting defendant shot multiple rounds into a car with the intent to kill the adult driver and cause great bodily injury to a child she knew was a passenger in the car. The People argued that defendant's offense and her conduct in custody, including serious rules violations for fighting in August 2023 and possession of alcohol in May 2023 that occurred after most of her educational programs, showed she posed a risk of current and future violence to the public if released.

The trial court stated that it reviewed the probation department's original and supplemental reports, the People's resentencing memo with attachments, and defendant's resentencing memo. The court also stated it was aware of its discretionary authority to

4

strike or substitute the section 12022.53, subdivision (d) enhancement, as well as section 1385, subdivision (c)(2)'s requirement that it give great weight to mitigating circumstances. The court nevertheless declined to strike the enhancement because it "would endanger public safety given the nature and circumstances of offense: As a starting point, a car-to-car shooting involving great bodily injury to a victim, the presence of a young child in the car. It was a very violent offense, indicating a greater degree [of danger] to society. There was significant injury to the minor victim. There was at least mention of the possibility the defendant was aware of the minor's presence."

The court further found that "defendant was a major, in fact, the primary, participant in the attempted murder, and there was nothing even partially excusable about the conduct." The court also noted defendant's history in custody, including her rules violations. The court acknowledged defendant's loss of her mother and participation in educational programs and upward progress but noted that "it would seem that the positive progress was followed by [backsliding]."

On count two, the court imposed the low term of five years because defendant was 21 when the crime was committed and had no known prior record of criminal conduct. On count one, the court imposed one-third the midterm, or two years four months, running consecutive to count two, plus 25 years to life for the section 12022.53, subdivision (d) enhancement. On count three, the court imposed the stayed middle term of five years, resulting in an aggregate sentence of seven years four months plus 25 years to life.

Defendant timely appeals.

## DISCUSSION

Defendant contends the trial court abused its discretion in declining to dismiss the firearm enhancement because it focused on her current dangerousness.

5

*A. Legal Principles and Standard of Review*

Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to provide in subdivision (c): "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of [several enumerated] mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (See *People v. Walker* (2024) 16 Cal.5th 1024, 1027-1028 (*Walker*); *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295 (*Mendoza*).) As relevant to defendant's argument on appeal, section 1385, subdivision (c)(2) indicates it is a mitigating circumstance when the application of an enhancement could result in a sentence of over 20 years. (§ 1385, subd. (c)(2)(C).)

As our Supreme Court has clarified, "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present. [Citation.] In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker*, *supra*, 16 Cal.5th at p. 1029.)

We review a trial court's determination that dismissal of an enhancement would endanger public safety for an abuse of discretion. (*Mendoza*, *supra*, 88 Cal.App.5th at p. 298.) Under this "highly deferential" standard (*ibid.*), " ' "we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious." ' " (*People v. Garcia* (2024) 101 Cal.App.5th 848, 857.) " '[A]n abuse of discretion arises if the trial court based its decision on impermissible factors . . . or on an incorrect legal standard.' " (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225 (*Gonzalez*).)

*B. Analysis*

Relying on *Gonzalez*, defendant argues the trial court improperly focused on the fact that she presented a danger to society in the past, at the time of her 2016 underlying offenses. In her view, the trial court failed to determine whether she would present a danger to public safety if she were released from custody at the end of her seven year, four month determinate sentence, without the enhancement added. She further argues that the court failed to determine whether she would be a danger to public safety if, in the alternative, it imposed an uncharged section 12022.53 enhancement of 10 or 20 years under subdivisions (b) or (c).

In *Gonzalez*, the trial court "believed that it was required to decide whether the defendant 'currently at the time of sentencing represent[s] a danger to society.' Premised on its understanding of the proper inquiry, the trial court imposed the firearm enhancement based on its conclusion that [the defendant] 'presently . . . does represent a danger to society.' " (*Gonzalez*, *supra*, 103 Cal.App.5th at p. 227.) The appellate court concluded the trial court's "singular focus on whether the defendant *currently* poses a danger" amounted to an abuse of discretion. (*Id.* at p. 228.) The court explained that "section 1385, subdivision (c)(2) focuses on the danger associated with *the dismissal of an enhancement*," not the defendant's current dangerousness. (*Ibid.*, italics added.)

7

The court continued: "Although the current dangerousness of the defendant is an appropriate factor to consider, as it will have some bearing on whether dismissing the enhancement would endanger the public, a crucial part of the inquiry is how the dismissal of the enhancement will impact the length of the defendant's sentence." (*Ibid*.) Thus, the trial court should have employed " 'a forward-looking inquiry' " that not only accounted for the defendant's current dangerousness, but also considered "the date on which the defendant would be released under the revised sentence . . . ." (*Id*. at p. 229.)

Here, the trial court properly looked to defendant's level of dangerousness at the time she would be released from custody if the enhancement were to be dismissed and did not rely solely on her current level of dangerousness. The trial court found that, based on the violent nature of defendant's crimes and her conduct in custody that includes numerous rules violations, dismissing the enhancement would endanger public safety. This finding was not an abuse of discretion.

The trial court was not required to state reasons for declining to exercise its discretion under section 1385 (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637), and we must presume the trial court considered all relevant factors unless the record affirmatively demonstrates otherwise. (*Ibid*.) The trial court properly cited the applicable law and was aware of its authority to impose a lesser enhancement in the alternative. On this record, the court did not abuse its discretion in imposing the 25 years to life enhancement.

DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
MAURO, J.